SLIP-OP. 01-67

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JAMES L. WATSON, SENIOR JUDGE

------------------------------------X

WESLO INC.,                        :

    Plaintiff, :     **Court Numbers 95-10-01332**
               **and 01-00382**

    v.    :

UNITED STATES,  :

    Defendant. :

------------------------------------X

[Plaintiff's motion for partial summary judgment denied; defendant's cross-motion for partial summary judgment granted; defendant's motion to sever certain entries and dismiss for lack of jurisdiction is granted.]

Dated: June 5, 2001

Grunfeld, Desiderio, Lebowitz & Silverman, LLP (Steven P. Florsheim, Esq.), for plaintiff.

Stuart E. Schiffer, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office (Barbara S. Williams, Esq.), Civil Division, Commercial Litigation Branch, U.S. Department of Justice; Beth C. Brotman, Esq., Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of counsel, for defendant.

**MEMORANDUM OPINION AND ORDER**

**WATSON, SENIOR JUDGE:**

**INTRODUCTION**

This matter is before the court on cross-motions for partial summary judgment pursuant to CIT Rule 56, and also on defendant's motion to sever seven entries and dismiss this action with respect to those entries under CIT rule 12(b)(1) and (5) for lack of jurisdiction and failure to state a claim upon which relief may be granted.

The subject merchandise, entered at the Port of Los Angeles, California from 1991

through 1993, are electronic exercise monitors used with stationary exercise equipment, such as treadmills, to monitor and display certain information, such as speed, "distance," time the treadmill or other exercise equipment is in operation, etc. Plaintiff entered the merchandise duty-free pursuant to the provision for speedometers and tachometers under subheading 9029.20.40, HTSUS. However, upon liquidation of plaintiff's entries, Customs classified the imports under subheading 9506.91.00, HTSUS, as parts of exercise equipment and accordingly assessed duty at the rate of 4.64% ad valorem.

The cross-motions for partial summary judgment concern certain tariff classification rulings issued by the United States Customs Service ("Customs") and plaintiff's alternative claim, set forth as a fourth cause of action in the amended complaint,[1] alleging that Customs violated 19 U.S.C. § 1625(c) ("the Mod Act provision")[2] when it liquidated plaintiff's entries as dutiable rather than duty-free in conformity with one of the rulings. Specifically, plaintiff claims that Customs' classification of the merchandise and liquidation of the entries under subheading

---

[1]Plaintiff's other alternative claims, not involved in the current cross-motions for partial summary judgment, allege a change in practice in contravention of 19 U.S.C. § 1315(d) and 19 C.F.R. § 177.10(e), and detrimental reliance pursuant to 19 C.F.R. § 177.9, which provides that Customs may in certain circumstances delay the effect of a ruling revocation or modification.

[2]Section 625, Tariff Act of 1930 (19 U.S.C. § 1625), as amended by section 623 of Title VI (Customs Modernization) of the North American Free Trade Agreements Implementation Act (Pub. L. 103-182, 107 Stat. 2057, 2186), became effective on December 8, 1993. Section 1625(c) requires that Customs publish notice in the Customs Bulletin of a proposed interpretive ruling or decision that would modify or revoke a prior interpretive ruling or decision, gives interested parties an opportunity to submit comments on the proposed ruling or decision, requires Customs to publish a final ruling or decision in the Customs Bulletin, and delays the effective date of the final ruling or decision for 60 days after the date of its publication. The legislative background of § 1625(c) is addressed in depth in American Bayridge Corp. v. United States, 35 F. Supp.2d 922, 941 (CIT 1998), vacated in part as to classification issue, Appeal No. 99-1228, 1999 U.S. App. LEXIS 26850 (Fed. Cir. Oct. 26, 1999) and need not be repeated.

9506.91.00, HTSUS, in conformity with a September 15, 1993 Customs tariff classification ruling requested by plaintiff contravenes 19 U.S.C. § 1625(c), and that application of the foregoing statute required classification of the merchandise in accordance with prior Customs rulings holding that the exercise monitors are classifiable under subheading 9029.20.40, HTSUS, as other speedometers and tachometers, and therefore, duty-free.

Defendant contends that in liquidating the entries, Customs' classification of the merchandise under subheading 9506.91.00, HTSUS, in conformity with its 1993 ruling did not implicate the provisions of § 1625(c), and defendant seeks dismissal of plaintiff's fourth cause of action alleging violation of that statute. It is stressed at this juncture that the cross-motions for partial summary judgment do not involve the merits of the competing tariff provisions, or even whether the classification rulings at issue in this case were substantively correct. The sole dispute on the cross-motions under CIT Rule 56 is whether as a matter of law Customs was required by the provisions of 19 U.S.C. § 1625(c) to classify plaintiff's entries in conformity with Customs' rulings holding that the merchandise is duty-free as speedometers and tachometers under subheading 9029.20.40, HTSUS.  The foregoing issue, essentially a classification dispute, falls within the court's jurisdiction under 28 U.S.C. § 1581(a), and the standard of review is de novo on the record before the court. The court finds there is no genuine dispute as to any material fact relevant to plaintiff's claim pursuant to § 1625(c), and therefore, plaintiff's fourth cause of action may be resolved as a question of law by partial summary judgment pursuant to CIT Rule 56, as contended by the parties.

Defendant's motion to sever and dismiss as to seven of the entries covered by this action maintains that those entries do not include the merchandise covered by the administrative protest

and the complaint. That motion is addressed infra.

## UNDISPUTED MATERIAL FACTS

The following are the material undisputed facts gleaned from the evidentiary record before the court:[3]

1. The merchandise at issue comprises electronic exercise monitors that were incorporated into plaintiff's stationary exercise equipment such as treadmills, which display such information as speed, "distance," and time.  This case involves 244 entries made by plaintiff from January 1991 through December 1993. Almost all of plaintiff's entries were made prior to December 8,  1993, the effective date of the Mod Act.

2. The tariff classification of electronic exercise equipment monitors was addressed by several Customs rulings issued in 1989, 1991, and 1993, as follows.

3. On March 13, 1989, Customs issued New York Ruling 836900 ("NY 836900") addressed to PPG Biomedical Systems, a company unrelated to plaintiff, concerning the classification of exercise monitors for exercise bikes which displayed time, speed, "distance," estimated calories, and on certain models, pulse rate.  Customs ruled that the merchandise was classifiable as other speedometers or tachometers under subheading 9029.20.40, HTSUS. However, the issue of classification under subheading 9506.91.00, HTSUS, was not raised in the ruling.

4. On February 28, 1991, Customs issued Headquarters Ruling 087550 ("HQ 087550") to Computer Instruments Corporation, also unrelated to plaintiff, advising that the importer's heart

---

[3] The record on the motions before the court comprises the rulings at issue, a letter from plaintiff's counsel to Customs, certain official entry documents, and a deposition taken by defendant of  plaintiff's agent.

rate monitors and pulsemeters for exercise bicycles were classifiable as other speedometers or tachometers under subheading 9029.20.40, HTSUS, rather than under Heading 9031, TSUS, as measuring or checking instruments. In that ruling, Customs did not address the applicability of subheading 9506.91.00, HTSUS.

5. On June 7, 1991, plaintiff requested a ruling from Customs for the tariff classification of its own electronic exercise monitors used in connection with plaintiff's treadmills and other stationary exercise equipment. Pending Customs ruling on the classification of its merchandise, plaintiff continued to import the subject merchandise.

6. On September 15, 1993, Customs issued HQ 089891 in response to plaintiff's June 7, 1991 request for a ruling, which for the first time addressed the issue of whether electronic monitors used with stationary exercise equipment are classifiable under heading 9506, HTSUS, as parts and accessories of exercise equipment rather than under heading 9029, HTSUS, as speedometers and tachometers. Customs ruled that plaintiff's merchandise is classifiable in accordance with its principal use under subheading 9506.91.00, HTSUS, as parts and accessories for exercise equipment. The ruling specifically rejects plaintiff's reliance on Customs 1991 ruling (HR 087550 of February 28, 1991) stating that "Customs inexplicably did not take into consideration Note 3 to Chapter 95," had Customs done so it would "have reached a different result," and "[t]hat decision [HR 087550] does not reflect the current view of the Customs Service." There is no dispute that the 1993 ruling effectively revoked the 1991 ruling. HQ 089891, however, makes no reference to Customs' earlier 1989 ruling, NY 836900.

7. On December 8, 1993, 19 U.S.C. § 1625(c), discussed infra, became effective. As noted above, Customs' ruling in HQ 089891 in response to plaintiff's request had already been

issued. That ruling was never modified or revoked pursuant to § 1625(c).

8. On April 1, 1994, Customs liquidated plaintiff's entries under subheading 9506.91.00, HTSUS, and accordingly, assessed duty at the rate of 4.64 % ad valorem in conformity with its ruling issued at the request of plaintiff on September 15, 1993, HQ 089891.[4]  Plaintiff timely protested the liquidations, and the protests were denied on April 27, 1995.

9. In the April 27, 1994 issue of the Customs Bulletin, Vol. 29, No. 17, p. 39, Customs published notice dated April 11, 1994 of  "Proposed Modification of Customs Ruling Letter Relating to Tariff Classification of Electronic Exercise Monitors."   In its notice, Customs states that it was published in accordance with 19 U.S.C. § 1625, that Customs intends to modify a ruling pertaining to the tariff classification of electronic exercise monitors under the HTSUS, that NY 836900 erroneously classified electronic exercise monitors under subheading 9029.20.40, HTSUS, and that in HQ 089891 Customs held that similar electronic exercise monitors are classified under subheading 9506.91.00, HTSUS. Continuing, the April 27, 1994 notice states that Customs intends to modify NY 836900 to reflect the proper classification of  electronic exercise  monitors under subheading 9506.91.00, HTSUS, to conform to the holdings in HQ 089891 and HQ 951012.

10. On June 22, 1994, Customs Ruling HQ 956139, the final notice of modification of NY 836900, was published in the Custom Bulletin. The notice of modification states that it was issued pursuant to 19 U.S.C. § 1625 and advises interested parties that Customs is modifying NY 836900 to reflect the proper classification of electronic exercise monitors under subheading

---

[4] Defendant is inconsistent as to the date of liquidation, viz., April 1, 4, and 15, 1994, but the discrepancy is not material to the issues in this case, and for purposes of this opinion the date of April 1, 1994 will be accepted as the date all entries were liquidated.

9506.91.00, HTSUS. In accordance with the sixty-day delay period required by § 1625(c), the notice made modification of NY 836900 effective for merchandise entered or withdrawn from warehouse for consumption on or after August 22, 1994. Essentially, then, following the liquidation of plaintiff's entries, pursuant to § 1625(c), Customs ratified its ruling in HQ 089891 to reflect the proper tariff classification of electronic exercise monitors under subheading 9506.91.00, HTSUS, and accordingly modified NY 836900, which ruling Customs believed to be erroneous.

11. The seven entries that are covered by defendant's motion to sever and dismiss do not include the subject merchandise.

## THE ISSUES

1. Did the liquidation of plaintiff's entries following the effective date of the Mod Act, trigger the applicability of 19 U.S.C. § 1625(c) to Customs' 1993 ruling and plaintiff's entries with respect to the prior rulings holding that exercise equipment monitors are classifiable under subheading 9029.20.40, HTSUS?

2. Should defendant's motion to sever and dismiss as to seven entries be granted?

## PLAINTIFF'S  19 U.S.C. § 1625(c) CLAIM

### Plaintiff's position

Citing Travenol Laboratories, Inc. v. United States, 118 F.3d 749 (Fed. Cir. 1997) ("Travenol"), plaintiff contends that the liquidation of plaintiff's 1991-93 entries on April 1, 1994 "triggered" the application of the Mod Act provision, effective December 8, 1993. Citing American Bayridge Corp. v. United States, 35 F. Supp.2d  922, 941 (CIT 1998), vacated in part as to classification issue, Appeal No. 99-1228, 1999 U.S. App. LEXIS 26850 (Fed. Cir. Oct. 26,

1999), plaintiff maintains that pursuant to the Mod Act provision, the merchandise remained

duty-free as to all importers, including plaintiff, and that Customs could not liquidate only

plaintiff's entries as dutiable pursuant to HQ 089891. Plaintiff further maintains that by

classifying plaintiff's entries as dutiable in conformity with its own ruling, HQ 089891, while at

the same time classifying similar merchandise of other importers as duty-free, Customs thereby

treated plaintiff  "unfairly."

### Defendant's position

The liquidation of plaintiff's 1991-93 entries in conformity with HQ 089891 of

September 15, 1993 did not "trigger" a retroactive application of the Mod Act provision, and in

any event, there is nothing in § 1625(c) that precluded classification of plaintiff's entries in

accordance with Customs ruling HQ 089891.  Accordingly, Customs' liquidation of plaintiff's

entries in conformity with HQ 089891 did not implicate or contravene any provision of

§ 1625(c), whether the statute is applied prospectively or retroactively.

### Discussion

The gravamen of plaintiff's fourth cause of action is that under the rationale of  Travenol,

the liquidation of plaintiff's entries on April 1, 1994 "triggered" the application of § 1625(c).

Plaintiff further argues that under the rationale of American Bayridge, 35 F. Supp.2d at 941, the

modification of prior Customs rulings  pursuant to § 1625(c) is applicable to all parties and

cannot, as in this case on September 15, 1993 be made applicable solely to plaintiff. Therefore,

under the rationale of Travenol and American Bayridge,  in liquidating the entries Customs was

required by the Mod Act provision to treat plaintiff the same as all other importers of electronic

exercise monitors, and classify plaintiff's entries as duty-free under subheading 9029.20.40,

HTSUS, in conformity with the rulings prior to 1993.

The court must agree with defendant that liquidation of plaintiff's entries in conformity with HQ 089891 did not implicate the Mod Act provision or require Customs to classify plaintiff's entries in conformity with the prior rulings. The court sees nothing in the plain language of § 1625(c) or its legislative history that precluded Customs from classifying plaintiff's merchandise in conformity with Customs' then current position as articulated in its ruling of September 15, 1993.

At the date of liquidation, April 1, 1994,  HQ 089891 of September 15, 1993, represented Customs' position concerning the tariff classification of plaintiff's merchandise pursuant to subheading 9506.91.00, HTSUS, the ruling was issued prior to the effective date of the Mod Act in compliance with the then applicable regulations, 19 C.F.R. § 177.1 (1993), et seq., and the liquidation was in complete conformity with that tariff classification ruling. It was after the liquidation of plaintiff's entries that Customs initiated action "triggering" the Mod Act provision when on April 27, 1994 it published notice dated April 11, 1994 of proposed modification of NY 836900 pursuant to § 1625. In modifying NY 836900 to accord with its ruling in HQ 089891, effective August 22, 1994, Customs essentially ratified HQ 089891 (which ruling had effectively revoked the 1991 ruling relied on by plaintiff on September 15, 1993). The short of the matter is that upon liquidation of plaintiff's entries, the Mod Act provision itself neither compelled nor precluded Customs' classification of the entries in conformity with HQ 089891. Accordingly, plaintiff's fourth cause of action in its amended complaint based solely on the Mod Act provision must fail.

For the foregoing reasons, plaintiff's motion for partial summary judgment on the fourth

cause of action in its amended complaint predicated on § 1625(c) is denied; defendant's cross-motion for partial summary judgment on that cause of action is granted; and accordingly, plaintiff's fourth cause of action in its amended complaint is dismissed.

## DEFENDANT'S MOTION TO SEVER AND DISMISS

Defendant moves to sever seven entries covered by this action and to dismiss this action with respect to such entries. The entry numbers are: 110-7070344-9; 110-7070347-2; 110-7070449-6; 110-7070458-7; 110-7070459-5; 110-7070460-3; and 110-7070557-6. Pltf's Response to Deft's Cross-motion, at 8; Deft's Cross-Motion, at 18.

Defendant asserts that the seven entries (made by plaintiff in December 1993 and covered by Protest No. 2720-94100648) do not include the merchandise which is the subject of this action, as initially identified in the protest or in plaintiff's pleadings. That fact is admitted by plaintiff. Accordingly, the court agrees with defendant that this action must be dismissed for lack of  jurisdiction with respect to the seven entries.

The court directs that the seven entries be severed from this action and be covered by the following new court number: 01-00382. The foregoing case is dismissed for lack of jurisdiction, and a final judgment will be entered accordingly.

Dated: New York, New York
         June 5, 2001
                                              _____
                                                    James L. Watson, Senior Judge